IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LINDA WHITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:13cv518-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.      INTRODUCTION

Plaintiff, Linda Whitt, applied for disability insurance benefits and supplemental security income benefits.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision.  Plaintiff appealed that decision to the Appeals Council, and the Appeals Counsel rejected Plaintiff's request for review of the ALJ's decision.   The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to

the conduct of all proceedings and entry of a final judgment by the undersigned United

States Magistrate Judge.   Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to

Jurisdiction (Doc. 10).  Based on the court's review of the record and the briefs of the

parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is

unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of
> Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.   *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-nine years old at the time of the decision, Tr. 43, and has a seventh grade education, Tr. 29.  Following the administrative hearing and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since December 25, 2009, the alleged onset date."  (Step 1) Tr. 26.  At Step 2, the ALJ found that Plaintiff suffers from severe impairments of "obesity, minor coronary artery disease, and early mild lumbar spine degenerative disc disease at L3-4," and "non[]severe impairments of hypertension and reported history of depression."  *Id.*  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  (Step 3) Tr. 28.  Next, the ALJ found that Plaintiff has the RFC to perform light work with additional limitations.  *Id.*  After consulting the VE, the ALJ concluded that Plaintiff "is capable of performing past relevant work" as a desk clerk, bottle line attendant, and inspector.  (Step 4) Tr. 34.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 25, 2009, through the date of th[e] decision."  *Id.*

### IV.   PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision:  (1) whether "[t]he Commissioner's decision should be reversed because the ALJ committed reversible error by substituting his own opinion in place of opinions by

Dr. Sam Banner and Dr. William Watson"; (2) whether "[t]he Commissioner's decision should be reversed because the ALJ's finding that [Plaintiff] is capable of performing light work is not supported by substantial evidence"; and (3) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to properly consider [Plaintiff]'s credibility."  Pl.'s Br. (Doc. 12) at 5.  The court will address each argument below.

## V.  DISCUSSION

### A.   *Whether the ALJ erroneously substituted his own opinion in place of opinions issued by physicians*

Plaintiff first argues that "the ALJ failed to follow the uncontradicted medical opinions and impermissibly substituted his 'medical opinion' for that of the examining physicians."  Pl.'s Br. (Doc. 12) at 9.  In this case, the ALJ reviewed the opinions of no fewer than four physicians; however, only Dr. Sam Banner and Dr. William Watson provided RFC assessments for the ALJ's review.  Both Drs. Banner and Watson found Plaintiff to have a more restrictive RFC than that which the ALJ assigned Plaintiff. Tr. 31.  Plaintiff challenges the ALJ's decision to give "'little weight' to the opinions of Dr. Sam Banner and 'no weight' to the opinions of Dr. William Watson" and, instead, to "assess[] [Plaintiff] as having the RFC to perform 'light work' with certain limitations." *Id.* at 7.  After reciting pieces of Drs. Banner and Watson's opinions, Plaintiff argues that "the ALJ offer[ed] no facts to support his contention that [Plaintiff] is less limited than Dr. Banner and Dr. Watson indicated," and, thus, "the ALJ failed to follow the

uncontradicted medical opinions and impermissibly substituted his 'medical opinion' for that of the examining physicians." *Id.* at 9.

In response, Defendant argues that the ALJ did not error as the opinions of Drs. Banner and Watson "were entitled to little or no weight because they were based almost exclusively on Plaintiff's unreliable subjective complaints, were not supported by the physicians' examination findings, and were inconsistent with other substantial evidence in the record." Def.'s Br. (Doc. 15) at 10.

"[T]he ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion." *Carson v. Comm'r of Soc. Sec.*, 373 F. App'x 986, 988 (11th Cir. 2010) (citing *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)).  Here, the ALJ rejected the opinions of Drs. Banner and Watson because the evidence did support a contrary conclusion.  The ALJ found these opinions to be based almost entirely on subjective complaints of pain.  Indeed, the ALJ explicitly stated as much:  Dr. Banner's opinion was given "little weight" because Dr. Banner relied on "no findings other than subjective chronic low back pain . . . and [a] subjective report of depression," and Dr. Watson's opinion was given "no weight" because "Dr. Watson reported repeatedly throughout his assessment that [his opinion] was based on [Plaintiff]'s subjective complaints with no basis in objective findings."  Tr. 33.  The ALJ also expressly noted that the opinions of Drs. Banner and Watson were not supported by any examination findings.  *Id.*  The ALJ laid out in detail the findings of every medical opinion provided

in this case, evidencing the inconsistencies with the record evidence as a whole and the opinions of Drs. Banner and Watson. Therefore, the court finds that the ALJ properly rejected the opinions of Drs. Banner and Watson because the evidence supports a contrary conclusion. Once the opinions were rejected, "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Since the ALJ properly rejected the assessments of Drs. Banner and Watson based on the evidence that supported a contrary conclusion, the court finds that the ALJ did not erroneously substitute his own opinion for that of a physician.

### B       Whether the ALJ's finding that Plaintiff is capable of performing light work is supported by substantial evidence

Plaintiff argues that the ALJ's RFC assessment is not comprehensive "because it was not supported by an assessment made by an examining or treating physician," and, thus, "the ALJ's RFC assessment is not supported by substantial evidence." Pl.'s Br. (Doc. 12) at 13. In essence, Plaintiff's argues that Drs. Banner and Watson provided the only physical RFC assessments of Plaintiff, and that because the ALJ did not rely on these, the ALJ's RFC was not supported by substantial evidence.

The court finds no merit to this argument. Simply because Drs. Banner and Watson were the only opinions on file regarding Plaintiff's work limitations does not entitle these opinions to any specific amount of weight. The record before the ALJ regarding Plaintiff's condition included records from (1) Dr. Todd B. Pearlstein covering

the period between 2008 and 2010; (2) Crenshaw Community Hospital from 2010; and (3) Dr. N. George from 2010; as well as those from Drs. Banners and Watson from 2011. The ALJ had before him sufficient medical evidence from which he could make a reasoned determination of Plaintiff's RFC. Thus, he was not required to secure from a medical source an RFC evaluation. *Moseley v. Colvin*, 2:13CV328-TFM, 2014 WL 1320238, *15 (M.D. Ala. Mar. 31, 2014) (finding no mandatory requirement that an ALJ "secure a residual functional capacity assessment from a medical source."); *see also Holden v. Colvin*, 3:12-CV-899-CSC, 2014 WL 896988, *4 (M.D. Ala. Mar. 6, 2014); *Packer v. Astrue*, 2013 WL 593497, *3 (S.D. Ala. Feb. 14, 2013). Accordingly, the court finds no error.

> ### C. *Whether the ALJ failed to properly consider Plaintiff's credibility*

Plaintiff argues that "the ALJ failed to properly consider [Plaintiff]'s credibility" because the ALJ impermissibly noted Plaintiff's alleged lack of treatment. Pl.'s Br. (Doc. 12) at 14. Plaintiff asserts that SSR 96-7p requires that "an ALJ must 'not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment' without first considering evidence of record which may explain 'infrequent or irregular medical visits or failure to seek medical treatment.'" *Id.* (quoting SSR 96-7). Plaintiff argues that she had "valid reasons for an alleged lack of treatment," namely a lack of medical insurance, and thus the ALJ erred by failing to determine whether these reasons excuse Plaintiff from failing to pursue

treatment in a consistent manner. *Id.* Defendant responds that the ALJ did not error because the determination that Plaintiff's complaints were not entirely credible was based on inconsistencies in Plaintiff's own statements, the effectiveness of Plaintiff's treatment, and objective evidence. Def.'s Br. (Doc. 15) at 14-15.

The ALJ has the discretion to assess a claimant's credibility, so long as the ALJ "clearly articulate[s] explicit and adequate reasons" for the credibility determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). Here, the ALJ articulated explicit and adequate reasons for finding "[Plaintiff]'s statements concerning the intensity, persistence and limiting effects of [her] symptoms [to be] not credible to the extent they are inconsistent with the [RFC]." Tr. 32. Aside from the medical evidence that supported the ALJ's findings that Plaintiff can perform light work activity with additional restrictions, Plaintiff's own contradictions led to the ALJ's credibility finding. Specifically, the ALJ highlighted that although Plaintiff complained of obesity, Plaintiff's strength and activities showed that the obesity was not disabling. The ALJ pointed out that although Plaintiff complained of coronary artery disease, all medical evidence and Plaintiff's own testimony show that the heart condition from which Plaintiff previously suffered no longer requires treatment or medication and, thus, is not disabling. The ALJ explained that, although Plaintiff's "main complaint, and the reason she testified that she left her last job, was due to back pain[,] . . . her records reveal only mild lumbar spine degenerative disc disease at L3-4." Tr. 33. Additionally,

the ALJ noted that Plaintiff alleged an onset date of December 2009, yet Plaintiff continued work in 2010 and 2011. Plaintiff testified that she was receiving unemployment, which requires a person "to report they are ready, willing, and able to take a job if one is found for them." *Id.* The medical evidence summarized in the decision and the contradictions within Plaintiff's statements highlighted by the ALJ are sufficient to show that the ALJ clearly articulated explicit and adequate reasons for the credibility determination. The ALJ did state that "[t]he [RFC] assessment is supported by the records of evidence and the lack of records of evidence. [Plaintiff] has minimal treatment records." *Id.* However, even without this statement, the ALJ provided sufficient reason for his assessment. Thus, any error based on the failure to consider Plaintiff's excuses for failing to pursue treatment in a consistent manner would be harmless. The court finds that the ALJ properly articulated the reasons for his assessment of Plaintiff's credibility with respect to Plaintiff's subjective complaints, and no reversible error occurred.

## V.    CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 30th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

11